Highway Adv. Co., Inc. to Use, *v.* Phila. Development Corporation, Appellant.

Argued December 11, 1929. Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*J. Elwert,* and with him *Samuel W. Salus,* for appellant.

*Warwick Potter Scott,* and with him *Boyd Lee Spahr,* for appellee.

OPINION BY LINN, J., January 29, 1930:

In this suit for $3,285 alleged to be due for breach of contract in the nature of a lease, the court granted plaintiff's motion for judgment for $1,500 as to which the affidavit of defense was held to be insufficient. Defendant appeals.

The contract provided that the first party (plaintiff) should provide a place for, and erect for defendant, 60 advertising signs facing specified public highways in New Jersey. Defendant agreed to pay a total of $3,600 in specified installments, but also agreed ''that a proportionate amount of the payment for the total number of locations may be billed and shall become payable as soon as any portion of said signs are erected.'' The statement of claim averred that 60 signs had been placed as agreed upon, and that the total $3,600, less $315 paid on account, was due and payable. The 6th paragraph of the contract was as follows: ''It is further agreed that upon failure or default of second party to pay within 30 days any installments herein mentioned, the total accrued and unpaid balance shall immediately become due and payable. The affidavit of defense averred that 23 of the 60 signs ''were never erected'' and that plaintiff paid no attention to defendant's request to erect them. Of the signs erected, defendant averred 22 ''are now

bent, broken, damaged and dilapidated" and that plaintiff had disregarded defendant's request to repair them. The affidavit was made May 9, 1929; plaintiff's averment is that the signs were erected April 19, 1928; defendant does not deny that but avers that the 22 signs are *now* in the condition described. We inquire, when did they become so? During the period when they were in the condition required by the contract, liability accrued, and payment at the rate of $60 each matured; that they are *now* in the condition averred by defendant, is obviously not a sufficient answer to the liability resulting from the provision quoted. Three other signs are described by defendant as (when the affidavit was made) "bent," "damaged," "cannot be read" and "fallen down." What is said of the 22 signs applies to these 3. As no defense was stated to the liability to pay the rental due for the 25 signs so referred to, the judgment was properly entered.

Even if, when the affidavit was filed, there was failure of consideration as to those signs, as alleged, there is nothing in the affidavit which enables the court on this rule for judgment to deal with failure of consideration generally, or particularly under paragraph 7 of the contract. That paragraph seems to provide an election to replace defaced or destroyed signs, or to extend the twenty-four month period specified in paragraph 2 as respects other signs without additional payment; see generally Vol. III, Williston, Contracts, Sec. 1407 and notes; 6 R. C. L. p. 860.

Judgment affirmed.